## Case No. 17,779.

### Ex parte WILSON.

[2 Cranch, C. C. 7.] [1]

Circuit Court, District of Columbia. July Term, 1810.

IMPRISONMENT FOR DEBT—DISCHARGE.

The court will not, on motion, discharge a prisoner for debt, who has the benefit of the bounds, because the creditor refuses to pay the daily allowance.

---

WILSON, Ex parte. See Case No. 894.

---

## Case No. 17,780.

### In re WILSON.

[5 Biss. 387; [1] 18 Int. Rev. Rec. 93; 5 Leg. Gaz. 294; 8 N. B. R. 396; 5 Chi. Leg. News, 549; 5 Leg. Op. 153; 21 Pittsb. Leg. J. 22.]

Circuit Court, N. D. Illinois. Aug., 1873.

BANKRUPTCY—SUSPENSION OF PAYMENT—SINGLE NOTE—SOLVENCY—PRIMA FACIE CASE.

1. The non-payment by a merchant for fourteen days, without legal excuse, of a single piece of commercial paper, is an act of bankruptcy, without reference to whether he is actually insolvent.

[Cited in Marble v. Jamesville Manuf'g Co., 163 Mass. 171, 39 N. E. 1002.]

2. It is no answer to a petition in bankruptcy that the respondent is solvent, and the only justification for non-payment of commercial paper is a legal one, as that he was not liable upon it.

3. One of the objects of the bankrupt law [of 1867 (14 Stat. 517)] was to compel merchants to pay their commercial paper as it fell due, under penalty of being adjudged bankrupt, if non-payment was continued without legal excuse for fourteen days.

4. In an involuntary petition it is not necessary to negative all the circumstances which might excuse the non-payment. For a rule to show cause it is sufficient that a prima facie case be made. And where the petition alleged that the debtor nad suspended payment on his commercial paper for more than fourteen days and had not yet paid the same, that he was a merchant, and that the petitioners knew of no reason for the non-payment except the neglect or inability of the debtor, held, it was prima facie an act of bankruptcy.

[Cited in Re Hadley, Case No. 5,894.]

In bankruptcy. Petition for review.

The original proceeding was a petition in bankruptcy filed by P. Vanvalkenburg & Co. against Guy Wilson, a merchant doing business in Chicago, alleging as an act of bankruptcy, that on the 2d of June, 1873, he suspended payment of his commercial paper, and had not resumed payment of the same within a period of fourteen days thereafter, nor at any time since. The commercial paper referred to was a promissory note for $509.79, due June 2, 1873, and held by petitioners. The petitioners stated that they knew of no cause for the non-payment of this note except neglect or inability of the said Wilson. The affidavit accompanying the petition did not

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

show any other act of bankruptcy, or that the respondent was actually insolvent.

On this petition the district judge made the following order:

"There being no sufficient evidence of actual insolvency, I do not deem it proper to enter a rule to show cause on this petition. I hold that suspension of payment for fourteen days on a single piece of paper does not alone show insolvency. Petition dismissed." [Case unreported.]

The petitioners thereupon filed this petition for review.

McClellan & Hodges, for petitioners.

The application for the rule is ex parte, and the only question for the court to pass upon is, are the petition and accompanying depositions in due form, and do they properly allege an act of bankruptcy? All matters of defense or in explanation can only be offered by the debtor in response to the rule, and any possible excuse the debtor may have need not be anticipated and negatived by petitioner, and the suspension of a single piece of commercial paper by a merchant, and non-resumption for a period of fourteen days, is prima facie an act of bankruptcy. Katzenberg v. Lowenstein [Case No. 8,574]; In re Weikert [Id. 17,361]; Heinsheimer y. Shea [Id. 12,729]; In re Hollis, and In re Kenney [Id. 6,621]; In re Nickodemus [Id. 10,254]; In re Thompson & McClellen [Id. 13,936]; In re Wells [Id. 17,387]; In re Chandler [Id. 2,591]; In re Chappel [Id. 2,612]; Shaffer v. Fritchery [Id. 12,697]; McLean v. Brown [Id. 8,880]; In re Skelley [Id. 12,921]; Baldwin v. Wilder [Id. 806]; In re Kenyon & Fenton;[2] In re Carter [Case No. 2,470]; In re Hercules Mut. Life Assur. Soc. of the U. S. [Id. 6,402]; In re Ess & Clarendon [Id. 4,530]; In re Manheim [Id. 9,038]; In re Munn [Id. 9,925]; In re Raynor [Id. 11,-597].

DRUMMOND, Circuit Judge. The 39th section of the bankrupt law as amended by the act of July 14, 1870 [16 Stat. 276], declares that any one who "being a banker, broker, merchant, trader, manufacturer or miner, has fraudulently stopped payment, or who has stopped or suspended and not resumed payment of his commercial paper within a period of fourteen days," has committed an act of bankruptcy, and may be adjudged a bankrupt on the petition of one or more of his creditors.

The 39th section sets forth various acts which constitute bankruptcy, one clause of which has just been cited. There was a difference among judges as to the true construction of the original clause of the 39th section, and to remove this doubt it was amended by the act of 1870, and the question is now presented whether the petition brings the parties,

both creditor and debtor, within this amended clause of the 39th section.

It has in several cases been stated that there may be a suspension of payment of commercial paper for a period of fourteen days, which does not of itself constitute an act of bankruptcy. For instance, the paper may not be valid, or there may be a set-off against it; or, from some cause, the party may not be legally bound to pay it. In such cases the courts have held that the suspension of payment does not constitute an act of bankruptcy, because in point of fact there is actually no indebtedness, or if there is, it is offset by an indebtedness on the other side, so that there is no legal obligation to pay.[3]

The ground upon which the district judge decided the case was that the fact of one piece of commercial paper being unpaid was no sufficient proof of insolvency. The question then arises, whether on that ground can be based the refusal of a rule to show cause.

The point, it will be observed, is, whether a party has, prima facie upon the papers as they appear, committed an act of bankruptcy within the meaning of the 39th section, and whether insolvency is an indispensable element entering into and constituting the act of bankruptcy. I think it is not.

The real question is, whether, being a merchant or trader, he has suspended payment of his commercial paper for fourteen days, within the meaning of the law. Of the various acts which the 39th section declares to constitute acts of bankruptcy, most of them do not refer to insolvency at all. For instance, the departure from the state, district or territory of which the debtor is an inhabitant, with intent to defraud his creditors, is an act of bankruptcy. Where a debtor conceals himself to avoid the service of legal process in an action for the recovery of a debt or demand provable under the bankrupt act, he commits an act of bankruptcy. The concealing or removing any of his property to avoid its being attached, taken, or sequestered on legal process, is an act of bankruptcy. So with many other acts declared to constitute bankruptcy, as where the debtor has been actually imprisoned for more than seven days in a civil action founded on a contract for the sum of one hundred dollars or upward. In all these cases insolvency is not an element.

Then comes the further definition which the district judge has apparently applied by analogy to the particular circumstances of this case: "Or who being bankrupt or insolvent, or in contemplation of bankruptcy or insolvency, shall make any gift, grant, sale, conveyance," etc.

Some of the courts have intimated that "suspension of payment" means a general suspension of payment, and not the suspension of payment of a single piece of commercial

---

[2] [See note at end of case.]

[3] For such cases consult In re Thompson [Case No. 13,936]; In re Chandler [supra]; M. & M. Nat. Bank of Pittsburgh v. Brady's Bend Iron Co., [Id. 9,018]; In re Munn [supra].

paper; and it is in carrying out that view that the district judge has held there must be an allegation of insolvency.[4] But the question is, whether it is competent for a man, being a merchant, to suspend payment of any of his commercial paper and bid a creditor defiance, and then to turn round and allege in answer to an application to declare him a bankrupt, that he is solvent and therefore a proceeding in bankruptcy can not be instituted against him.

I hold that allegation to be no answer to a petition in bankruptcy under such circumstances. It is not enough for him to show as a reason why a decree in bankruptcy should not go against him, that he is solvent, and because of spite or caprice, or some other similar cause, he does not choose to pay his commercial paper. The reason which alone can prevent the non-payment of commercial paper and its continuance for fourteen days, from constituting an act of bankruptcy, must be a legal reason, such as to enable a court to say that it is not within the scope and meaning of the bankrupt law, because the debtor was legally justified in not making payment.

Upon the face of this petition no legal reason appears for the non-payment of this commercial paper within fourteen days after maturity, and the petitioners say they know of none. If there is any legal reason, it is for the debtor to show it before the bankrupt court. Prima facie a case is made out against the respondent, and the question of solvency or insolvency is not material.

A solvent merchant cannot, therefore, refuse to pay his commercial paper, and then defend himself from a petition in bankruptcy on the ground that he is solvent. One of the very objects of the bankrupt law was to compel merchants to pay their commercial paper as it fell due, by holding over them the consequences of its non-payment, if continued for fourteen days.

Possibly there should be a different rule, because if a man is solvent he can be proceeded against in the ordinary way, but the bankrupt law has not so provided. Insolvency does not constitute an element of the act of bankruptcy in this case, as it does not in most of the cases set forth in the 39th section.

If it be said that we can suppose a suspension of payment of commercial paper for fourteen days which does not constitute an act of bankruptcy, the answer is that it is not possible for the petitioner to recapitulate all the various circumstances which might negative any supposed case, and thereby exclude it from the operation of the bankrupt law.

The district judge has required an allegation of insolvency. Something else might be required to be negatively set forth in the petition, which, if it existed in point of fact, would show that the act was not one of bankruptcy.

---

[4] For such case, see In re John Clemens [Case No. 2,878].

We cannot, therefore, require that the petitioner should set forth by negative allegations, all the particular circumstances which by possibility might show the non-payment to be within the meaning of this clause of the bankrupt law. It is sufficient that a prima facie case is made upon the petition.

It is for the debtor to make explanation or defense.

Again, if it be said that the non-payment for the given period must be a "general" suspension, where is the line to be drawn? On how many pieces of commercial paper must payment be suspended in order to constitute an act of bankruptcy? The statute has not declared that suspension of payment on any particular number of notes or bills of exchange shall constitute an act of bankruptcy, but the language is, "his commercial paper," and it will be found impracticable to adopt a rule which limits the non-payment to some certain number of notes or bills of exchange in order to constitute an act of bankruptcy.

For these reasons I think the order of the district judge was erroneous and must be reversed; and that the petitioners are entitled to a rule to show cause.

By section 12 of the amendment to the bankrupt act passed June 22, 1874 [18 Stat. 178], section 39 of the original act is so changed as to require a suspension of payment of commercial paper forty days to constitute an act of bankruptcy.

[NOTE. The following case, entitled "In re Kenyon & Fenton," cited in the brief of McClellan & Hodges in the principal case, is reported from 6 N. B. R. 238, by permission:]

